RECEIVED
CU
NOV 0 8 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

_Lafayette_ DIVISION.

*************************************************************************

CHRISTOPHER 'KOLE  OBAFUNWA, Sr.

CIVIL ACTION  NO. 6:13-cv-3032

JUDGE _____

VERSUS.

MAGISTRATE _____

1. **UNITED STATES DEPARTMENT OF AGRICULTURE – [USDA];**
2. **THE SOUTHERN COOPERATIVE DEVELOPMENT FUND, INCORPORATED; & INSURORS.**
3. **SCDF LOAN AND TECHNICAL ASSISTANCE FUND, INC; & INSURORS.**
4. **SCDF LOAN & TECHNICAL ASSISTANCE FUND, INC; & INSURORS.**
5. **SCDF LOAN & TECHNICAL FUNDS, INC; & INSURORS.**
6. MR. GRONZE L. TWITTY; & INSURORS.
7. MR. CLYDE WINDSOR; & INSURORS.
8. MR. AUBRE HOWARD; & INSURORS.
9. MR. GOERGE L. HOWELL;   INSURORS.
10. MR. WILLIAM "BILL" HARRISON;   INSURORS.
11. MR. CHARLES GOODIE; & INSURORS.
12. LEGACY REAL ESTATE SERVICES, LLC; & INSURORS.
13. MS. JANICE LADAY MELANCON; & INSURORS.
14. PUCHEU, PUCHEU & ROBINSON, LLP; & INSURORS.
15. MR. JOHN H. PUCHEU; & INSURORS.
16. THE CLERK OF COURT, LOUISIANA 15TH JUDICIAL DISTRICT COURT;
17. THE SHERIFF, LAFAYETTE PARISH SHERIFF DEPARTMENT; & INSURORS.
18. MS. DONNETTE GARRY. & INSURORS;
19. Ms. FAYE HORNSBY & INSUROR;
20. MS. DEBRA B. REDFEARN & INSUROR.
21. Mr. STEPHEN G. DOWDEN, Jr. & INSUROR.

*************************************************************************

## **TRIAL BY JURY REQUESTED.**

### PLAINTIFF IS <u>NOT A LAWYER, BUT HIGHLY EDUCATED.</u>

Going to court without a Lawyer, is like showing up at a Gun Battle with a knife on hand. Only a fool will have himself for his own Doctor, even if he is a Doctor.

As a result of Plaintiff suffering a debilitating **Heart Attack**, his limited health has impacted his earning capacity to be able to obtain adequate Legal Counsel as at now;

It is for this that, he has at least made a personal effort to **timely file this complaint in this Federal Court**;  to seek  an immediate **Judicial Intervention** for **his and Property protection**;  while seeking for a means to obtain a Legal Counsel to handle these cases filed.

## 1st  CAUSE OF ACTION.

## PETITION FOR <u>RULE TO SHOW CAUSE</u>
### AGAINST
**<u>UNITED STATES DEPARTMENT OF AGRICULTURE</u>** – THE  FIRST DEFENDANT IN THIS COMPLAINT  Hence-forth  here-in referred to as **-- USDA.**

### 1.

**PLAINTIFF :-**      The Plaintiff in this matter is;  Rev. Christopher 'Kole  Obafunwa, Sr; who is a Citizen Of The United States Of America, and a 38 years Resident of  the State of Louisiana. His mailing address is  :   PO.  BOX 92080,  Lafayette,  LA.,  70509-2080.

### 2.

### <u>DEFENDANTS  "ADDRESS"</u>
### &
### <u>"CAUSES FOR ACTIONS"  AGAINST IT \ THEM.</u>

**<u>DEFENDANT # 1</u> :-**    1ST.  defendant in this matter is a **<u>Citizen / Resident Of another State</u>**;  the name is :-  **UNITED STATES DEPARTMENT OF AGRICULTURE;  C/O.**

**Office of the General Counsel; 3201 Federal Building; Little Rock, Arkansas 72201.** It is also important to note, this defendant also have a <u>District Office</u> in <u>Lafayette</u>; and a <u>State Office</u> in <u>Alexandria</u>, Louisiana. The USDA Office in Little Rock, Arkansas bears <u>DIRECT RESPONSIBILITY</u> for the actions of this 2 branch Offices in Louisiana; and has been directly negligent in its over-sight and <u>REFUSAL TO CORRECT</u> it's branch Offices employees errors, these are **defendant #s 19, 20 and 21** – causing this action brought against it and other defendants in this suit.

3.

<u>DEFENDANT # 2</u> :- This Defendant in this matter, is a <u>Citizen / Resident Of another State</u>; the name is :- **THE SOUTHERN COOPERATIVE DEVELOPMENT FUND, INCORPORATED & INSURORS.** Here-In hence-fourth referred to as **[TSCDF; INC.].** The known address is :- **306 South State Street, Dover, DE. 19901.** This defendant, has **DIRECT RESPONSIBILITY** and **OVER-SIGHT** for the <u>Actions and Inactions</u> of defendant numbers :- 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, & 15; who are all acting in its name **Directly or Indirectly** by way of instructions from defendant's Employees #s 3, 4, & 5; and or Agent defendant #s 12, 14, 16, 17, 18.

4.

<u>DEFENDANT # 3</u> :- This Defendant in this matter, is a <u>Citizen / Resident Of this State of Louisiana</u>; the name is :- **SCDF LOAN AND TECHNICAL ASSISTANCE FUND, INC;** Here-In hence-fourth referred to as **[SCDF LTAF; INC].** The known address is :- **1006 SURREY STREET, LAFAYETTE, LA. 70501.** This defendant, is registered with the Louisiana Secretary of State as a **Non Profit Organization**; operating under the **Internal Revenue 501c3 Codes.** However, it is **a FRAUDULENT NON-PROFIT ORGANIZATION** <u>Clandestinely</u> set up by **3 employees** of defendant # 2, who are defendants **#s 10, 11, & 13**; using the **ACRONYMS** of defendant # 2's names; and using this fraudulent organization to **SYPHON** the **Funds and Assets** of Defendant # 2 for themselves. The siphoned funds of defendant # 2, is used to finance defendants # 14 and 15's activities to steal plaintiff's property and Damage \ Ruin the Plaintiff in this suit.

**5.**

**DEFENDANT # 4** :-    This Defendant in this matter, is an **"ASSUMED" Citizen / Resident Of this State of Louisiana**;  the name is :-    **SCDF LOAN & TECHNICAL ASSISTANCE FUND, INC;**    Here-In  hence-fourth  referred to as **[SCDF L&TAF; INC].**  The known address is :-    **NON - EXISTENT**.  This defendant, is **NOT REGISTERED** with the Louisiana Secretary of State;  **BUT**, being run as a **VARIATION** of the names of defendant # 3 above;  the symbol **"&"** is being **SUBSTITUTED** for the **"AND"**  in the name of  defendant # 3 above.  Just as in  defendant # 3  above, it is run as a **Non Profit Organization**; operating under the Internal Revenue **501c3** Codes.  However, it is a **FRAUDULENT NON-PROFIT ORGANIZATION Clandestinely** set up by **3 employees** of  defendant **# 2**,  who are  defendants **#s 10, 11, & 13**;  using the **ACRONYMS** of defendant **# 2's** names;  and using this fraudulent organization to **SYPHON** the  **Funds and Assets** of Defendant # 2  for themselves.  The siphoned funds of defendant # 2, is used to finance defendants # 14 and 15's  activities to steal plaintiff's property and Damage \ Ruin  the **Plaintiff**  in this suit.

**6.**

**DEFENDANT # 5** :-    This Defendant in this matter, is an **"ASSUMED" Citizen / Resident Of this State of Louisiana**;  the name is :-    **SCDF LOAN & TECHNICAL FUNDS, INC;**  Here-In  hence-fourth  referred to as **[SCDF L&TF; INC].**  The known address is :-    **NON - EXISTENT**.  This defendant, is **NOT REGISTERED** with the Louisiana Secretary of State;  **BUT**, being run as a **VARIATION** of the names of defendant # 3 above;  the symbol **"&"** is being **SUBSTITUTED** for the **"AND"**  in the name of  defendant # 3 above,  and the word **"ASSISTANCE"**  is not used in this version of the  names criminally used by the 3 Employees of  defendants # 2;  who are  defendants **#s 10, 11, & 13**.  Just as in  defendant # 3  above,  it is run as a **Non Profit Organization**; operating under the Internal Revenue **501c3** Codes.  However, it is a **FRAUDULENT NON-PROFIT ORGANIZATION Clandestinely** set up by **3 employees** of  defendant **# 2**,  using the **ACRONYMS** of defendant **# 2's** names;  and using this fraudulent organization to **SYPHON** the  **Funds and Assets** of  Defendant # 2  for

themselves.  The siphoned funds of defendant # 2, is used to finance defendants # 14 and 15's  activities to steal plaintiff's property and Damage \ Ruin  the Plaintiff in this suit.

### 7.

**DEFENDANT # 6** :-    This Defendant in this matter, is a **Citizen / Resident Of another State of South Carolina**;  the name is :-   **MR. GRONZE L. TWITTY;**  Here-In  hence-fourth  referred to as a **Board of Director Member;** of  Defendant # 2,  He is **ALSO** listed as a Board of Director Member of  the fraudulent Companies / Organizations referenced as defendant **#s  3, 4, & 5**  above  The known address is :-  **3787 HORNE TWITTY ROAD; HEALTH SPRINGS, SC. 29058.**  This defendant, is registered with the Louisiana Secretary of State as a **BOARD OF DIRECTOR MEMBER FOR  defendant  #s  2 & 3.**    This defendant, has **DIRECT RESPONSIBILITY** and  **OVER-SIGHT** for the **Actions and Inactions** of  defendant numbers :-   3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, & 15;  who are all acting in its name **Directly or Indirectly** by way of instructions / Activities of  defendant's Employees #s 3, 4, & 5;  and or  Agent defendant  #s  12, 14, 16, 17, 18.

It is believed that,  Mr.  Gronze  L. Twitty, has been directly personally benefiting from the proceeds of  revenues  generated from the side-kick (moon – Light)  operations of defendant  #s  3, 4, 5, 10, 11 & 13;  thereby,  refusing to intervene, investigate, or exercise an over-sight -- when contacted by plaintiff to make the illegal and criminal activities of  his company employee defendants  #s  10, 11, & 13, known to him. His actions culminate that of an irresponsible board of director member;  for which he is liable.

### 8.

**DEFENDANT # 7** :-    This Defendant in this matter, is a **Citizen / Resident Of another State of ALABAMA**;  the name is :-   **MR. CLYDE WINDSOR;**   Here-In  hence-fourth  referred to as a **Board of Director Member;** of  Defendant # 2,  He is **ALSO** listed as a Board of Director Member of  the fraudulent Companies / Organizations referenced as defendant **#s  3, 4, & 5**  above    The known address is :-   **PO. BOX 1080; TUSKEGEE, AL. 36088.**  This defendant, is registered with the Louisiana Secretary of State as a **BOARD OF DIRECTOR MEMBER FOR  defendant #s  2 & 3.**      This defendant, has **DIRECT RESPONSIBILITY** and  **OVER-SIGHT** for the **Actions and Inactions** of  defendant  numbers :-   3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, & 15;  who are all acting in its name **Directly or Indirectly** by way of instructions /

Activities of defendant's Employees #s 3, 4, & 5; and or Agent defendant #s 12, 14, 16, 17, 18.

It is believed that, Mr. Clyde Windsor, has been directly personally benefiting from the proceeds of revenues generated from the side-kick (moon – Light) operations of defendant #s 3, 4, 5, 10, 11 & 13; thereby, refusing to intervene, investigate, or exercise an over-sight -- when contacted by plaintiff to make the illegal and criminal activities of his company employee defendants #s 10, 11, & 13, known to him. His actions culminate that of an irresponsible board of director member; for which he is liable.

**9.**

**DEFENDANT # 8** :-   This Defendant in this matter, is a **Citizen / Resident Of another State of TENNESSEE**; the name is :-   **MR. AUBRE HOWARD;**   Here-In hence-fourth referred to as a **Board of Director Member;** of Defendant # 2,  He is **ALSO** listed as a Board of Director Member of the fraudulent Companies / Organizations referenced as defendant **#s 3, 4, & 5** above   The known address is :-   **427 LINDEN AVENEU; MEMPHIS, TN. 38126.**  This defendant, is registered with the Louisiana Secretary of State as a **BOARD OF DIRECTOR MEMBER FOR defendant #s 2 & 3.**    This defendant, has **DIRECT RESPONSIBILITY** and **OVER-SIGHT** for the **Actions and Inactions** of defendant numbers :-  3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, & 15; who are all acting in its name **Directly or Indirectly** by way of instructions / Activities of defendant's Employees #s 3, 4, & 5; and or Agent defendant #s 12, 14, 16, 17, 18.

It is believed that, MR. AUBRE HOWARD, has been directly personally benefiting from the proceeds of revenues generated from the side-kick (moon – Light) operations of defendant #s 3, 4, 5, 10, 11 & 13; thereby, refusing to intervene, investigate, or exercise an over-sight -- when contacted by plaintiff to make the illegal and criminal activities of his company employee defendants #s 10, 11, & 13, known to him. His actions culminate that of an irresponsible board of director member; for which he is liable.

**10.**

**DEFENDANT # 9** :-   This Defendant in this matter, is a **Citizen / Resident Of another State of GEORGIA**; the name is :-   **MR. GEORGE L. HOWELL;**   Here-In hence-fourth referred to as a **Board Attorney and Counsel;** of Defendant # 2,

He is **ALSO** listed as a Board of Director Member of the fraudulent Companies / Organizations referenced as defendant **#s 3, 4, & 5** above   The known address is :- **102 HOWELL STREET N.E; ATLANTA, GA. 303-1626.** This defendant, is registered with the Louisiana Secretary of State as a **BOARD OF DIRECTOR MEMBER FOR defendant #s 2 & 3.**   This defendant, has **DIRECT RESPONSIBILITY** and **OVER-SIGHT** for the **Actions and Inactions** of defendant numbers :-  3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, & 15;  who are all acting in its name **Directly or Indirectly** by way of instructions / Activities of defendant's Employees #s 3, 4, & 5;  and or  Agent defendant #s  12, 14, 16, 17, 18.

It is believed that,  MR. GEORGE L. HOWE,  has been directly personally benefiting from the proceeds of revenues  generated from the side-kick (moon – Light)  operations of defendant  #s  3, 4, 5, 10, 11 & 13;  thereby,  refusing to intervene, investigate, or exercise an over-sight -- when contacted by plaintiff to make the illegal and criminal activities of  his company employee defendants  #s  10, 11, & 13, known to him. His actions culminate that of an irresponsible board of director member;  for which he is liable.


### 11.

**DEFENDANT #S  10; 11; 12; & 13** :-   These Defendants in this matter,  are  **Citizen / Resident Of the State of LOUISIANA**;  the names are :-  **MR. WILLIAM "BILL" HARRISON;  MR. CHARLES GOODIE;  LEGACY REAL ESTATE SERVICES, LLC;  MS. JANICE LADAY MELANCON.**   Here-In  hence-fourth  referred to as **the 3 Employees** and Real Estate Agency;  of  Defendant # 2,  The known address is :- **1006 SURREY STREET; LAFAYETTE, LA.  70501.  The criminal and fraudulent activities of  Defendant #s  10, 11, & 13 are the **CORE REASONS** for this action in court.


### 12.

**DEFENDANT #S  14; & 15** :-   These Defendants in this matter,  are  **Citizen / Resident Of the State of LOUISIANA**;  the names are :-  **PUCHEU, PUCHEU & ROBINSON, LLP;   MR. JOHN H. PUCHEU.** The known address is :-  **106 PARK AVENUE; PO. BOX 1109; EUNICE, LA. 70535-1109.**   Here-In  hence-fourth  referred to as the  **Lawyer and Firm**, being used by Defendant # 10, 11, & 13, to, **ABUSE, TORTURE,** and **CRIMINALLY MISS-USE** the **Legal System** ( **The State Court** );

1.  He / They  use the name  of the **United States Federal Government**
    to file  **FRAUDULENTL LAW SUITS IN STATE COURT** --
    AGAINST **2 DEAD PERSONS**, THEY KNOW CAN NOT REPLY –
    ANSWER, THE SUIT BROUGHT AGAINST THEM.

2.  THEY LEAVE OFF THE NAME OF PLAINTIFF;  WHO, THE RIGHT
    TO THE PROPERTY USDA PAPERS BELONGS TO;  TO AVOID
    OPOSITION TO THEIR COURT ACTION FOR WRIT OF FIFA AND
    SHERIFF SALE **FALSELY BROUGHT** IN THE NAME OF THE **US
    GOVERNMENT**.

3.  HE / THEY FILE  DUCUMENTS IN STATE COURT;  CRIMINALLY
    REPRESENTING HIMSELF AND HIS LAW FIRM  AS A  **LAWYER
    REPRESENTING THE UNITED STATE'S GOVERNMENT**, WHEN
    **NEITHER HE, NOR HIS LAW FIRM IS A  "US ATTORNEY";   NOR
    HIRED TO REPRESENT THE INTEREST OF THE  "US GOVERNMENT"
    NOR THAT of the   "USDA"   and much, much worse**.

**ANALOGY :-**     This Lawyer and his Law Firm, can be Likened to a Lawyer who
works for a **CRIMINAL CAR THEFT  RING**; who is depended on by the Car Theft Ring
Operators, to use the Courts to file Papers to obtain **SUBSTITUTE TITLES to STOLEN
VEHICLES**, that are then **Re-sold** in the **OPEN** OR  **BLACK MARKET**.

This why   **MR. JOHN H. PUCHEU**, and his Law Firm **PUCHEU, PUCHEU &
ROBINSON, LLP;**  are defendants in this case.

### 13.

**DEFENDANT # 16 :-**    This Defendant in this matter, is  **Citizen / Resident Of the
State of  LOUISIANA**;  the name is :-  **THE CLERK OF COURT, LOUISIANA 15TH
JUDICIAL DISTRICT COURT**;  The known address is :-   **800  S.  BUCHANAN
STREET;  LAFAYETTE,  LA.  70501.**  This Clerk of  Court's Office is  **NEGLIGENT**,
in accepting just a **PERSONAL LETTER** from Defendant  # 15,  instead of  a **Court
Order**  to have issued a **Writ of Fifa**  in favor of defendant #,  3  &  5;  **which is a non-
existent fraudulent Company that  Defendant  # 15,  represents**. Defendant  # 16
is negligent and derelict in it's duties,   not to have disallowed Defendant  # 15 to have
used its Court to **criminally perfect a stolen property document using a Sheriff
sale to transform the name and ownership of the document**  --  **A USDA**

**Assignment Of Judgment in Rem** -- from that of a **non-existent entity** ( SCDF **LOAN & TECHNICAL FUNDS, INC** ) , to **another** ( SCDF LOAN AND TECHNICAL **ASSISTANCE FUND, INC**. ); which is a fraudulent 501c3 Non-Profit Organization also.

14.

**DEFENDANT #S  17;  & 18** :-    These Defendants in this matter,  are  **Citizen /** **Resident  Of  the  State  of  LOUISIANA**;   the names are :-  **THE SHERIFF,** **LAFAYETTE PARISH SHERIFF - DEPARTMENT;  AND MS. DONNETTE GARRY,** **it's Manager**. The known address is :-   **1010 LAFAYETTE STREET; LAFAYETTE,** **LA. 70501**.     Here-In  hence-fourth  referred to as **The Lafayette Parish Sheriff –** **Civil Department**;   Even  though being  made fully aware of the fact that,  her office has scheduled a sheriff sale for a property **without a  "Judge's  Order"**;   and the fact that, the **name by which the property was being sent to sheriff sale is fraudulent and Non-existent**,  Ms. Donnette Garry and her Office, continued to auction off the property in the name of  SCDF LOAN AND TECHNICAL ASSISTANCE FUND, INC, AND  SCDF LOAN & TECHNICAL FUNDS, INC..  This fraudulent act has been concocted by Defendant  # 15,  to erase the truthful history of the fact that;  USDA had **ERRONEOUSLY ISSUED** the Original Assignment of Judgment **MEANT FOR PLAINTIFF**, to a **NON-EXISTENT ENTITY** -- by name  **SCDF LOAN & TECHNICAL FUNDS, INC**..  Defendant  #s  17 & 18  are both derelict in assuring that they are / were selling the property **under a legitimate document ownership**.

15.

**DEFENDANT #S  19;  20 &  21** :-    These Defendants in this matter,  are  **Citizen /** **Resident  Of  the  State  of  LOUISIANA**;   the names are :-  **Ms. FAYE HORNSBY,** **in her capacity as the Assignment of Judgment Clerk,  for the Louisiana USDA** **State Office in Alexandria, Louisiana;  MS.  DEBRA B. REDFEARN,  in her** **capacity as the Director of Single Family Housing, for the USDA State Office in** **Alexandria, Louisiana;  Mr. Stephen G. Dowden, Jr. in his capacity as the  Rural** **Development Manager, for the USDA District Office in Lafayette,  Louisiana.**  The known address is :-   **3727 GOVERNMENT  STREET;  ALEXANDRIA,  LA.  71302.** These are the 3 employees of  defendant  # 1,  **USDA**..  It is the errors and carelessness of these 2 employees of  USDA, that caused the Assignment of Judgment purchased by the Plaintiff,  to be  **ASSIGNED and MAILED to**  a **fraudulent non-existent company called --  SCDF Loan & Technical  Funds  Inc**.

16.

## VENUE.

It is Proper, Legitimate, and Legal based on the Federal Rules of Civil Procedures that, the Western District Of Louisiana's Federal Court, is the proper venue to file this action; because, the causes responsible for bringing this action happened within the Jurisdiction of this Federal Court; In the Cities of **Lafayette**, and **Alexandria**, Louisiana. The principal parties to this action is/are Citizens and Residents Of the State Of Louisiana. The property to which the Documents were / have been **STOLEN**, are within the boundaries of the Western District of this Federal Court in Louisiana.

### 17.

# JURISDICTION.

This Court has Jurisdiction over this case because, of :-

1). Defendant # 1, is a Department of the USA Government -- United State's Department Of Agriculture, USDA.

2). Defendants #s 2, 6, 7, 8, 9, & 10; are all Citizens of a different State from that of Louisiana.

3). Amount in controversy exceeds $ 150,000.00.

### 18.

## STATUTE OF LIMITATION.

The origin of the USDA ERROR of issuing the documents of the **PURSCHASE** of a Property's **Assignment of Judgment in Rem**, --- meant for the **Purchaser -- the Plaintiff**; to a **WRONG ENTITY**; who **CRIMINALLY** used a **WIRE & MAIL FRAUD** to **CONVINCE** an **UNSUSPECTING USDA Employee**, to **issue and forward**, the final Assignment of Judgment Document to a **NON-EXISTENT** Company called **SCDF LOAN & TECHNICAL FUNDS, INC.** ---- BEGAN IN 1999, 15 Years ago. However, there have been MANY CONTINUOS Personal, Private, and Legal Activities seeking resolutions to correct this error; the last of which was a Court and legal action on October 23, 2013; in a Louisiana State Court. Therefore, an argument of a 1 or 2 years statute of limitation in the State of Louisiana WILL NOT APPLY TO THIS CASE. **THIS CASE IS CURRENT, AND NOT TIME BARRED YET.**.

19.

## OTHER PERSONAL & LEGAL REMEDIES AT STATE
## COURT LEVEL FOR RESOLUTION HAVE FAILED.

It is important to bring to the knowledge of this Federal Court that, **Plaintiff has made MANY EFFORTS over the years after discovering that, the documents to his property have been USURPED, STOLEN; and that a USDA Employee had in error -- issued it in a wrong name and forwarded it to a fraudulent non-existent entity -- SCDF LOAN & TECHNICAL FUNDS, INC; instead of to Plaintiff himself; WHO PURCHASED IT FROM USDA**.

He has engaged the services of 3 Lawyers, and a Federal Government Grantee for Legal Aid to the needy for resolution in the last 15 years. **At this point resolution for justice and or correction of the USDA Employee error by USDA; at the State Court Level; and or amicably, with the Non-Existent Fraudulent 501c3 Companies have FAILED**.

**The USDA has REFUSED TO CORRECT its error of issuing the property papers to a wrong NON-EXISTENT COMPANY, instead of the actual purchaser**.

**The State Court, has REFUSED TO INTERVENE to stop the unlawful illegal, and fraudulent actions of the Lawyer representing the fraudulent non-existent company -- SCDF LOAN & TECHNICAL FUNDS, INC. -- in a State Court**.

**UNFORTUNATELY, the State Court Judges are FORCED TO BELIEVE THAT, this Lawyer, who has been fraudulently presenting papers in the name of the UNITED STATE'S GOVERNMENT in a State court; falsely criminally leading the State Judges to believe that, he is a lawyer representing the united states government's interest ( the USDA ); when he is NOT a Lawyer hired to represent any department of the US Government. Evidences concerning this malpractice will be presented at the hearing**.

**The State Court Judges are forced to believe that, this lawyer is truly representing the United States Government's by the US Government's name showing and fraudulently being used on all his state court fillings against the property and Plaintiff; When he is not a US Attorney, NOR hired to so, by the USDA.**

**Seeking for a Legal redress and a Judicial Intervention in this Federal Court, is the last resort for this Plaintiff.**

8.

## PURPOSE OF THIS SUIT.

**PRAYER :-**    Petitioner moves this court for a RESTRAINING ORDER compelling ALL of the **Defendants,** to show cause as to why,  a **PERMANENT INJUNCTION** should not ensue against each of them,  and in favor of the Plaintiff;  enjoining them to cease and decease   :-

1).    **STOP and Refrain from Transferring or any further Disturbing, Harassing, Abusing, Torturing, Threatening, Interfering, Obstructing, Plaintiff's Person --** Rev. Christopher 'Kole Obafunwa Sr;  **and or the Property, referenced below,  during the pendency of this action before the court.**

**PROPERTY :-**        **USDA** ACCOUNT # **2389692**;
                    **1999** Assignment of Judgment for  --
                    ( Judy Anne Lormand Campbell and the
                    un-opened Succession of Don Norris
                    Campbell )   –   Both now **DECEASED.**

**PROPERTY ADDRESS AT :-**

            8000-B  WEST CONGRESS  EXTN.  STREET;  DUSON, LA. 70529.
                            **NOW :-**
                    100 ZILDA LANE;  DUSON,  LA. 70529.

9.

## CASE SYNOPSIS (Abstract).

**1.    THE PROPERTY PAPERS PURCHASER :-**    I the petitioner, bought the property from the **United State Department Of  Agriculture** ( **USDA** );  in 1999.  **Please find  Exhibits #  2-A;  1;  & 1-A  --  submitted.**

**2.**    At which time, **the Assignment of Court Judgment of Repossession PAPERS** that were meant,  **"PROMISED"** to be issued to  **PLAINTIFF** ;  in **3 DOCUMENT  FORMS**,  as the **PURCHASER of the property from USDA**,  As

petitioner was told by Mr. Stephen G. Dowden, Jr, of USDA office in Lafayette, Louisiana; after payment for the property was received from me, by him. **Please find Exhibits # 2-A, & 3-C. -- Submitted.**

**3.**   In 1999, The USDA repossessed the property from a **man** ( He Died in **1995** ), and his **wife** ( she Died in **1998** ), after the children were not making payments on the USDA LOAN; as the parents did not, when sick, as cancer patients. **Please find Exhibit # 4; 4-A; 4-B; 6-A; 6-B; 6-C; & 6-D.**

**4.   WHO LOCATED THIS PROPERTY ? :-**   In 1999, petitioner's company was a contractor for the USDA, covering 16 Parishes of Louisiana; as the care taker of properties repossessed by USDA. **It was by this, that Petitioner came about this property; and asked for the USDA to sell it to him. Please find Exhibits # 1; & 1-A. -- Submitted.**

Petitioner and the USDA negotiated the price; and Petitioner asked for a **Bill of Sale**, for him to present to Lenders for a Loan to buy and re-build the property.   **Please find Exhibits # 2-A, -- Submitted.**

**NOTE 1 :- This exhibit 2-A, is an absolute proof that, this property was SOLD TO PETITIONER – NOT to SCDF LOAN & TECHNICAL FUNDS, INC. as they are falsely claiming.**

**5.   IT WAS A SIGNATURE LOAN :-**   I got a help from a Catholic Reverend Father, who agreed to give me a **SIGNATURE LOAN -- NO COLLATERAL;** to buy and re-build the property. He, instructed his Cooperative's Manager – **Mr. WILLIAM "BILL" HARRISON**; to provide me with a check for the loan, from a **SPECIFIC PRIVATE PERSONAL ACCOUNT** of his. **Please find Exhibits # 2-B, & 3-A -- Submitted.**

**NOTE 2 :- This exhibit 2-B & 3-A, are absolute proofs that, this is/was a SIGNATURE LOAN ONLY; not collateralized by the property. The reverend father does not seek for collaterals on loans from his personal account, he uses to help the needy.**

**6.   MANAGER ARRESTED FOR EMBEZZLEMENT :-**   At that time, the Cooperative's manger, **Mr. William Bill Harrison** -- told plaintiff; **he was taking**

**funds out of "Another Account"** instead of the account designated by the Catholic reverend father; to issue me a **Signature Loan** check - out of. **I had no knowledge that, Mr. Harrison had been EMBEZZLING FUNDS from his employer -- THE SOUTHERN COOPERATIVE DEVELOPMENT FOUNDATION, INC'**s bank accounts prior to my need for a loan. **Please find Exhibits # 2 -- Submitted.**

**7.    MY USDA PROPERTY PAPERS – STOLEN :-**    As expressed in numbers **1, 2, 3, 4, 5, & 6 above**; after USDA accepted the payment for the property from me, **I was told to expect 3 LEGAL DOCUMENTS in the MAIL for Property Transfer to me, as the new Owner**. In days, I received **exhibit #s 4; 4-A & 4-B**;  by mail, from the USDA's State and District Offices. **I went to register them in the Lafayette Parish Clerk of Court Records as asked by the USDA Office to do**.

**NOTE 3 :-**    I then informed **Mr. William "Bill" Harrison** of my receipt of the USDA documents. **He asked of me to provide his office with Copies of the documents;  which I did give to him**.

**8.    MR.  WILLIAM  B. HARRISON -- CALLED USDA OFFICE :-**    UNKOWN TO ME WAS THE FACT THAT,  Mr. William "Bill" Harrison had **CALLED** the USDA Louisiana State Office;  and UNDERLINED them ( **MS. Faye Hornsby** ), to issue the final Assignment of Judgment PAPERS in the name of  **SCDF LOAN & TECHNICAL FUNDS, INC. instead of Plaintiff's.  WHO ACTUALLY BOUGHT IT.  This Company did not and still does not exist to date.**

**NOTE  4 :-    Plaintiff discovered this FINAL DOCUMENT of the ASSIGNMENT OF JUDGMENT to SCDF instead of  PLIANTIFF - in the archives of the Lafayette, LA. Clerk Of Court's Records;  in 2005.**

**9.**    In May of 2005, I VISITED with **Mr. Stephen G.  Dowden, Jr**;  the **USDA Rural Development Manager, Area III**,  in the Lafayette, Louisiana, USDA branch Office –  **He PERSONNALLY handled the Negotiation, and Selling of the property to me, the plaintiff**;  he advised for me to call **Ms. Faye Hornsby** at the USDA State Office in Alexandria, Louisiana.

I called the USDAs State Office to complain about the error to  **Ms. Faye Hornsby**, and **DEMANDED FOR A CORRECTION** of the Final Assignment of Judgment Papers in **MY NAME,  who is the actual purchaser of the assignment of**

**Judgment papers**.

Ms. Faye Hornsby told me on the phone that day that, **she was the one – that handled the preparation of the Assignment of Judgment Papers on my property document purchase**.

SHE FURTHER CLAIMED, **SHE REMEMBERS VERY WELL THAT** :-

A.  **"SOMEBODY CALLED HER FROM SCDF OFFICE IN LAFAYETTE, LA.  TO TELL HER THAT, "SCDF LOAN & TECHNICAL FUNDS, INC;" WAS THE PURCHASER OF THE PROPERTY, AS SHOWING ON THE BANK "PURCHASE CHECKS" SUBMITTED TO USDA BY THE PLAINTIFF.  Please find exhibit # 3-B.  Which was a Signature Loan to the plaintiff, the buyer. Please find Exhibits #  2-B;  &  3-A.**

   **HENCE, USDA SHOULD PREPARE THE FINAL ASSIGNMENT OF JUDMENT DUCUMENTS ON THE PROPERTY BOUGHT BY, AND SOLD TO PLAINTIFF;  IN THE NAME OF  "SCDF LOAN & TECHNICAL FUNDS, INC"  AND MAIL IT TO SCDF's ADDRESS, THE CALLER GAVE TO MS. FAYE HORNSBY OVER THE PHONE;   INSTEAD OF PLAINTIFF's KNOWN ADDRESS AS THE ACTUAL PURCHASER.  Please remember that;  USDA had previously mailed documents Exhibits # 4;  4-A;  &  4-B;  to plaintiff.   Final Exhibits # 6-A; 6-B;  6-C; & 6-D;  were sent to SCDF's  address instead of - to plaintiff's.**

**NOTE  5** :-

   A.    Plaintiff does believe Ms. Faye Hornsby's story - concerning a caller to her from SCDF, because;  **"At no time, was any SCDF employee involved with the FINDING, NEGOTIATING; PURCHASING; or EVER MEETING WITH A USDA EMPLOYEE OVER THE ACQUISITION OF THIS PROPERTY, OTHER THAN PLAINTIFF"**.  Plaintiff does believe that **Mr. William "Bill" Harrison** made the call to USDA Office.  However, Ms. Debra B. Redfearn, the Alexandria, Louisiana's USDA Single Family Housing Director's  letter of April 29, 2005; to plaintiff, says;  it was

**MR. CHARLES GOODIE,** that they were talking to at SCDF.  Please find exhibit # 22-A.

**B.    Ms. Faye Hornsby**, **ARGUABLY** TOLD PLAINTIFF;  THE CALLER TOLD HER, THAT;  **PLAINTIFF WAS AN EMPLOYEE OF SCDF, SENT TO JUST TAKE THE CHECK TO USDA FOR SCDF;  AND THAT, SCDF BOUGHT THE PROPERTY**.  Therefore, he demanded that, the final Assignment should be made in **SCDF LOAN & TECHNICAL  FUNDS, INC.   A fraudulent, non-existent company.  She did not know that**;  but,

"**SHE should NOT HAVE ACCEPTED, NOR FOLLOW SUCH A TELEPHONE INSTRUCTION FROM A STRANGER**".

**C.**   She asked that,  Plaintiff should **WRITE A LETTER** to  **Ms. Debra B. Redfearn**;  the USDA Single Family Program **Director**.   Plaintiff did send a Certified Mail to Ms. Redfearn. **Please find  Exhibits  #  22, 5 Pages  --  Submitted.**

**10.    MS.  DEBRA B. REDFEARN REPLIED :-**    Ms. Debra B. Redfearn, the Single Family Program Director for USDA, in  Alexandria Louisiana;  sent plaintiff  an **UNINTELLIGENT, NONCHALANT reply – that has NO LEGAL BASIS**; other than a  **NONSENSICAL ASSUMPTION** that;  SCDF sent plaintiff to buy the property from USDA, and then  **RE-SOLD** it to  plaintiff. **Please find  Exhibits  # 22-A -- Submitted.**

**FRAUDULENT SHADOW  COMPANIES.**

**11.    SCDF LOAN & TECHNICAL FUNDS, INC. :-    THIS COMPANY "DOES NOT EXIST". This is a FALSE COMPANY MADE UP BY 3 EMPLOYEES OF THE SOUTHERN COOPERATIVE DEVELOPMENT FOUNDATION. INC.   They are;**

1).  **Mr. William  "Bill"  Harrison;**
2).  **Mr.  Charles  Goodie;**
3).  **Ms.  Janice  "Melancon"  Laday.**

**Please find  Exhibit # 25,  Pages  3 & 4.**
**NOTE  6  :-    They formed this non existent Company's name  using the**

**ACCRONYMs of their ACTUAL employer's name -- THE SOUTHERN COOPERATIVE DEVELOPMENT FOUNDATION, INC. -- SCDF. They use SCDF to FRUADULENTLY "SYPHON" "MONEY" and "ASSETS" from under their actual employer. It is in one of these fraudulent SCDF company's names, that they got USDA to issue the stolen petitioner's purchased papers from USDA to.**

**12.** **CORPORATE DIRECTORS :-** It is **VITAL** to point out another FRAUD. , **These 3 employees in # 11 above**; ALSO CRIMINALLY used the names of the Board Of Director Members of their Employer, **THE SOUTHERN COOPERATIVE DEVELOPMENT FOUNDATION** for their own fraudulent company.   Their fraudulent company, has 3 variations in name, as below :-

  **A.** **SCDF LOAN "AND" TECHNICAL ASSISTANCE FUND, INC. A false non-existent IRS 501c3 Non -Profit Company**

  **B.** **SCDF LOAN & TECHNICAL ASSISTANCE FUND, INC. A false Non-Existent Company, as claimed by the IRS & The Louisina Scretary Of State.**

  **C.** **SCDF LOAN & TECHNICAL FUNDS, INC. A false Non-Existent Company, as claimed by the IRS & The Louisina Scretary Of State. Please find exhibit # 45.**

**13.** **Ms. FAYE HORNSBY :-** It is in this **FALSE NON-EXISTENT COMPANY'S name IN "C" ABOVE**, that SCDF have gotten **Ms. FAYE HORNSBY**; the State Of  Louisiana USDA **Property Assignment Clerk**; to do the **PROPERTY FINAL ASSIGNMENT OF JUDGMNET PAPERS**, meant for PLAINTIFF -- IN.

**14.** On May 16, 2005;   Plaintiff sent a **certified return mail** to Ms. Faye Hornsby and Ms. Debra Redfearn; **Plaintiff sought of them to tell him the name of the SCDF employee that called their USDA office to tell them to forward the Final Assignment of Judgment to SCDF, instead of to Plaintiff**. Neither of them ever cared to reply plaintiff . **Please find  Exhibits # 22-A -- Submitted.**

**10.**

**FEDERAL WIRE & MAIL  FRAUD :-**    The 3 employees in paragraph 11 unlawfully contacted the USDA Office  by Phone without the knowledge of  the buyer, here-in the petitioner, and **cajoled  ( Inveigled )**,  the USDA Office employee -- to make and forward the assignment of  Judgment Papers  personally sold to the Petitioner -- to a **NON-EXISTENT FRAUDULENT COMPANY CALLED** :  **SCDF Loan & Technical Funds, Inc.**  This\these individuals intentionally fraudulently **MISINFORMED** the USDA employee, and led her to believe that;  **the petitioner was an employee/Agent of their non-existent Company, who was sent to bring a check in;   for the purchase of the Judgment in Rem Assignment for  their non-existent Company named above**.   The petitioner did not discover this fraudulent act against him, until after **5 years** had gone by.   It is this **fraudulent non-existent entity**, that is now in collusion with Mr. John H. Pucheu; of  Pucheu, Pucheu, & Robinson Law firm in the last **11 years** – trying to **STEAL** the property from under the petitioner – the rightful owner.

**11.**

## ARGUMENT.

The Plaintiff in this suit,  Rev. Christopher 'Kole  Obafunwa, Sr;  is entitled to an order of Injunction, compelling the USDA, to correct  its unfortunate error of having issued a property document **-- Assignment Of Judgment in Rem --** sold to the Plaintiff; but  issued  to another entity in error,  by name;   **SCDF Loan & Technical Funds, Inc**;  an entity that **does not exist**.

The Plaintiff, is more than likely going to prevail on the merits of this case,  and certain to **suffer irreparable injury** if this motion is not granted.   The Court must please act now to **prevent irreparable injury** to the Plaintiff  -- Rev. Christopher 'Kole Obafunwa, Sr;   who is being demanded to vacate his property and residence of 15 years, by the thieves who stole his property documents.

1.      It is **unconscionable** to comprehend how a Federal Government employee -- **MS.  FAYE  HORNSBY** --  of the USDA, **not a child**;  would have been **so out of mind** to the extent that;   **s/he would have entertained a Phone Call and an INSTRUCTION from a TOTAL STRANGER,  an IMPOSTURE**;  commanding S/he **to issue a Legal document** concerning a purchased property **-- An Assignment of Judgment in Rem --** sold to the Plaintiff;  to be **issued in the**

name of **SOME OTHER ENTITY, A NON-EXISTENT 501c3 Organization**; owned by 3 individuals  who were not involved with the property's **LOCATION; or PRICE NEGOTIATION**; who was/were  not issued **A BILL OF SALE; WHO'S FACE/s  WAS/WERE  NEVER SEEN;  WHOS PERSON WAS NEVER PRESENTED TO ANY EMPLOYEE OF THE USDA** regarding this property's DOCUMENT PURCHASE ...........

2.      It is **terribly sickening and  incomprehensible**,  how the employees of the USDA in general,  especially,  the Single Family Housing Director of the State Of Louisiana in Alexandria, Louisiana;  **Ms. Debra B. Redfearn**; had a nonchalant attitude and refusal to entertain a request for the correction of  her office's  employee's error  of having issued a property's document purchase, to a wrong Non-Existent Entity. Please find exhibit  #  22-A.

3.      It is **very disheartening and Blood Boiling** to find this Single family Housing Director being the one that argues on behalf of the fraudsters that created the **Non-Existent  SCDF Loan & Technical Funds, Inc**;  as being the purchaser of their USDA Assignment of Judgment in Rem document for the property  – **INSTEAD** of   the Plaintiff, who is the actual purchaser.  Her letter argues that,  SCDF **Loan & Technical Funds, Inc;   purchased the document from  USDA, and that SCDF Loan & Technical Funds, Inc;  sold the property to the Plaintiff**.  Please find **exhibit  # 22-A**.

4.      The **Most Brain numbing and egregious experience** is from the  **OFFICE OF THE GENERAL COUNSEL**, of the USDA.  After many years of petitioning the Louisiana State Office of  the USDA;  Petitioner was referred  to now contact the Office of the General Counsel of the USDA in Little Rock,  Arkansas.  This USDA OGC office was contacted and provided with all **UNDENIABLE DOCUMENTS from the USDA,  supporting the facts that;  Plaintiff was/is the purchaser**,  and **entitled** to a **CORRECTION** and **RE-ISSUE** of the  Assignment of  Judgment Document in his name.  **PLEASE FIND EXHIBIT # 46.  The OGC tells plaintiff, to go to HELL**.


## Legal Standards In Support Of Motion :-

Petitioner, Rev. Christopher 'Kole  Obafunwa, Sr; seeks a temporary restraining order and a preliminary injunction. "The same standard applies to both temporary restraining orders and to preliminary injunctions." *Hall v. Johnson*, 599 F.Supp.2d 1, 6 n. 2 (D.D.C. 2009); *accord Sterling Commercial Credit-Michigan, LLC v. Phoenix Industries I, LLC*, 762 F.Supp.2d 8 (D.D.C. 2011);  *Coalition for Parity, Inc. v. Sebelius*, 709 F.Supp.2d 6 (D.D.C. 2010).

In order to obtain injunctive relief, "a moving party must show :-

(1) a substantial likelihood of success on the merits,
(2) that it would suffer irreparable injury if the injunction were not granted,
(3) that an injunction would not substantially injure other interested parties, and
(4) that the public interest would be furthered by the injunction.

"*Baumann v. Dist. Of Columbia*, 655 F. Supp. 2d 1, 6 (D.D.C. 2009) (citing *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006));

*accord National Wildlife Federation v. Burford*, 835 F.2d 305 (D.C. Cir. 1987);

*Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004). When agency action is involved, the Court should balance the actual irreparable harm to the plaintiff and the potential harm to the government.

*Gonzales v. O Centro Espirita Beneficente Uniao Do Vegetal*, 126 S. Ct. 1211, 1219 (2006).

**II.  Rev. Christopher 'Kole  Obafunwa, Sr;  Is Entitled to a Preliminary and or permanent  Injunction Requiring the  USDA to  VOID  the previously issued Assignment of Judgment in Rem sold to Plaintiff;  but erroneously issued to a non-existent entity called - SCDF Loan & Technical Funds, Inc.  To RE-ISSUE, the same in the name of the correct and actual purchaser,  who is,  Rev. Christopher 'Kole  Obafunwa, Sr.**

**NOTE :-** *The Petitioner is most Likely to Prevail on the Merits of this case before the court.*

Petitioner's primary claim in this lawsuit is straightforward: the Petitioner purchased the right to the foreclosure Judgment papers to the above referenced property from the USDA in 1999;  surprisingly, the USDA employee in charge of the documents preparation and issuance erred in accepting a call by wire fraud from an individual that had no connection to the transaction between the petitioner and the USDA;  concerning the  Location (Finding),  of the property;  Price Negotiations;  or the issuance of a Bill of Sale of the property  to the Plaintiff by the USDA;  this stranger / individual instructed the USDA employee referenced in the memorandum to issue the Assignment of Judgment in the name of  a fraudulent non-existent company.  **Ms. Faye Hornsby of the USDA, did not exercise good judgment expected of her job's position;  in accepting instruction from such a stranger over the phone**; instead of following the information concerning the actual purchaser, forwarded her from the USDA District office in Lafayette, Louisiana;  where the document sale deal was consummated.

**REPEATED REFUSAL** of the USDA Offices Officers and Employee's to correct this

terrible error has put Plaintiff in an **INCOMPREHENSIBLE HARDSHIP FOR 15 YEARS**. **PLAINTIFF SUFFERED STROKES AND HEART ATTACKS** and about to be put in the street gutters by the thieves that USDA error has fostered their cause of desire to steal the property.

*The USDA has Unlawfully suffered Plaintiff in the last 15 years; by Failing to have corrected its employees error in having issued the judgment in Rem to a wrong entity who is not the actual purchaser of the document.*

**Absence of an Injunction** *from this Federal Court, Petitioner Will Face Irreparable Damage to his remaining life span.*

The USDA's failure to prevent the atrocious sufferings of the plaintiff in the last 15 years by correcting its employee's error, will continue to cause irreparable harm to plaintiff, now in old age and failing health.

**"Irreparable injury"** must be "both certain and great; it must be actual and not theoretical." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (quoting *Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir.1985) (per curiam)).

The moving party must show a **"clear and present need for equitable relief**," that is "beyond simple remediation." *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys.*, 773 F. Supp. 2d 151, 179-80 (D.D.C. 2011).

When a plaintiff faces **"certain and imminent" injury with no way to recover the loss, it weighs in favor of finding "irreparable injury**." *Id.* Irreparable injury may be presumed in an unfair competition action. *See Krause Intern., Inc. v. Reed Elsevier, Inc.*, 866 F.Supp. 585, 587 (D.D.C. 1994) ("trademark infringement and unfair competition are, by their very nature, activities that cause irreparable harm.") (quoting *Sears, Roebuck & Co. v. Sears Financial Network*, 576 F.Supp. 857, 864 (D.D.C. 1983); *See also, Paschall v. Kansas City Star Co.*, 441 F. Supp. 349, 359 (W.D. Mo. 1977) (citing *Foremost International Tours, Inc. v. Qantas Airways*, Ltd., 379 F.Supp. 88, 97 (D.Hawaii 1974), aff'd, 525 F.2d 281 (9th Cir. 1975)).

**FURTHERMORE**, it is <u>well established that injunctive relief is appropriate to prevent harm to privacy interests such as misappropriation</u>. *See Raymen v. United Senior Ass'n, Inc.*, No. 05-486, 2005 WL 607916 at *4 (D.D.C. Mar. 16, 2005) (citing *Factors Etc., Inc. v. Pro Arts., Inc.*, 579 F.2d 215, 220 (2d Cir.1978); *Ryan v. Volpone Stamp Co.*, 107 F.Supp.2d 369, 404 (S.D.N.Y.2000); *Ali v. Playgirl, Inc.*, 447 F.Supp. 723, 729 (S.D.N.Y.1978)).

**Cases in which injunctive relief has been sought to "protect private and or privacy interests" have held that "<u>proof of damages or unjust</u>**

**enrichment may be extremely difficult," and thus injunctive relief is often appropriate.** *Id.* (citing *Ali*, 447 F.Supp. at 729).

## 12.

## NEED FEDERAL COURT INTERVENTION ASAP

I HAVE AGAIN CHOSEN TO RESULT TO THE FEDERAL COURT FOR REDEMPTION. **MY PRAYER IS THAT, THERE WILL BE SOMEONE IN YOUR FEDERAL COURT SYSTEM, THAT WILL UP-HOLD THE TRUTH AND SAVE PETITIONER FROM ENDING UP IN THE GUTTERS by the hands of thieves**.

The **DRUG DEALERS** have shown up at Petitioner's gate, to warn him, "they have bought the rights to his 15 years residence from **SCDF LOAN & TECHNICAL FUNDS, INC. and SCDF LOAN AND TECHNICAL ASSISTANCE FUND, INC. THEY ASSURE; THEY WILL BLOW PETITIONER'S HEAD OFF, IF HE EVER CHOOSES TO FIGHT OVER THE PROPERTY ANYMORE. PLAINTIFF HAS NOTIFIED THE FBI ABOUT THIS.**

## 13.

## CONCLUSION

At this point, after having done all that a right thinking Law abiding person should have done in 15 years; in patience, respect, and obedience to the rule of Law. The defendants -- USDA, have **INTENTIONALLY KNOWINGLY REFUSED TO DO RIGHT**; and the State Courts have **FAILED TO UP-HOLD RIGHTEOUSNESS**. With the plaintiff about to be put on the **road side gutters by thieves and criminals using the legal system to their advantage**; an ordinary minded person; one without Godliness in his heart, will see fit to carry guns to go settle the disagreement in a violent way with the USDA -- out of frustration and anger. We see incidences like this daily in America.

**14.**

## **PRAYER.**

For these reasons set forth above, Plaintiff Rev. Christopher 'Kole Obafunwa, Sr; respectfully request of this court to issue a **Restraining Order and a Preliminary and or Permanent Injunction** -- compelling ALL of the Defendants to :-

1).    **STOP and Refrain from Transferring or any further Disturbing, Harassing, Abusing, Torturing, Threatening, Interfering, Obstructing, Plaintiff's Person --** Rev. Christopher 'Kole Obafunwa Sr;  **and or the Property, referenced below,  during the pendency of this action before the court.**

**PROPERTY :-**        USDA  ACCOUNT  #  **2389692**;

**1999** Assignment of Judgment for --
( Judy Anne Lormand Campbell and the
un-opened Succession of Don Norris
Campbell )   –   Both now **DECEASED.**

**PROPERTY ADDRESS AT** :-

8000-B  WEST CONGRESS  EXTN.  STREET;  DUSON,  LA.  70529.
**NOW** :-
100  ZILDA  LANE;  DUSON,  LA.  70529.

2).    For this Court to Determine and Adjudge the ownership the property
above in favor of the Plaintiff who was / is the actual purchaser of
the property from the USDA in 1999.

3).    For compensatory damages according to proof in an amount  to be
assessed concerning each defendant in this action brought, and
presented to the court on or before trial date;

4).    For punitive damages concerning each defendant in this action brought
according to proof at trial;

Page **30** of 38

5).  For Court Legal and Court Costs incurred,  concerning each defendant in this action brought;

6).  For such other and further relief as the Jury and or the Court deems Just and proper,  concerning each defendant in this action brought.

**BOND :-**    There is no need for a bond to be set by or for either of the parties in this matter before the court.

**A proposed order is attached.**

**Bless Be More !!!**

**RESPECTFULLY  SUBMITTED**

_____

**Rev.  Christopher 'Kole  Obafunwa, Sr.**
Petitioner

PO.  BOX  92080
LAFAYETTE;  LA.  70509-2080.

**E-mail** :-  **prayerinternational@juno.com**

**PHONE :-   337 – 446 – 7109.**

## VERIFICATION.

I Rev. Christopher 'Kole Obafunwa, Sr; the Petitioner, do hereby certify that, I have read the fore going presented **petition for a Restraining Order against the USDA, and Preliminary or Permanent Injunction**; and know the contents there-of are true, as I know the situation of issues and causes to date.

I declare under penalty of perjury that the foregoing is \ are true and correct, and that this declaration is\was executed in Lafayette, Louisiana;

on _____7th_____ day of November, 2013.

By :- _____

**Rev. Christopher 'Kole Obafunwa, Sr.** Pro Se.
Petitioner

PO. BOX 92080
LAFAYETTE; LA. 70509-2080.

E-mail :- prayerinternational@juno.com

**PHONE :-  337 – 446 – 7109.**

## CERTIFICATE OF SERVICE.

Plaintiff hereby certify that a copy of the foregoing pleading has this date been forwarded to the defendants by Hand Delivery; Electronically; or by putting the same into the US Postal Mail via the addresses indicated above.

DONE this _____7th_____ day of November, 2013.

By :- _____

**Rev. Christopher 'Kole Ọbafunwa, Sr.** Pro Se.
Petitioner

PO. BOX 92080
LAFAYETTE; LA. 70509-2080.

E-mail :- prayerinternational@juno.com

**PHONE :-  337 – 446 – 7109.**